**Dominick RUSSO, Appellant,**

v.

**David TILLERAAS, d.b.a. Tilleraas Insurance Agency, Respondent,**

**Austin Mutual Insurance Company, Inc., Respondent,**

and

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Respondent,**

**White Earth Indian Housing Authority, Respondent,**

v.

**AUSTIN MUTUAL INSURANCE COMPANY, Respondent,**

**Dominick Russo, Appellant,**

**Leslie Foster, Respondent.**

No. C8–86–132.

Court of Appeals of Minnesota.

June 17, 1986.

Whitney E. Tarutis, Bemidji, for Dominick Russo, appellant.

Romaine R. Powell, Powell, Lang & Schueppert, Bemidji, for David Tilleraas, d.b.a. Tilleraas Insurance Agency, respondent.

Steven L. Marquart, Cahill, Jeffries & Maring, Moorhead, for Austin Mutual Insurance Company, Inc., respondent.

Leo F.J. Wilking, Nilles, Hansen, Magill & Davies, Ltd., Fargo, N.D., for National Union Fire Insurance Company of Pittsburgh, Pennsylvania, respondent.

Gregory D. Larson, Thomason & Larson, Park Rapids, for White Earth Indian Housing Authority, respondent.

Leslie Foster, pro se.

Heard, considered, and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ.

## MEMORANDUM OPINION

WOZNIAK, Judge.

In November 1985, the parties to these cases read into the record and discussed the terms of a settlement. The settlement provided that both actions be dismissed with prejudice, that the insurance companies deposit $65,000 into court, and that Dominick Russo and the White Earth Indian Housing Authority would reserve for later decision the question of who was entitled to the $65,000. A written stipulation (part typed and part handwritten) was entered as an exhibit, which suggested that the reserved issue was the narrower question of the validity of a deed.

After the signed order by the trial court dismissing the actions was released, Russo made a motion to change certain words in the order. Russo wished to strike out all reference to the stipulation on the record and have the order refer only to the written exhibit. The trial court granted Russo's motion, but in its memorandum reiterated that the reserved issue was who was entitled to the $65,000 rather than the

narrower deed validity issue desired by Russo.

It is settled that a definite settlement "will be enforced, absent fraud or collusion, mistake, or such an improvident agreement that it ought not to stand in equity and good conscience." *Jallen v. Agre*, 264 Minn. 369, 373, 119 N.W.2d 739, 742–43 (1963). Russo alleges none of the above. The record is clear that the reserved issue was who was entitled to the $65,000.

Russo also contends that the trial court should have recused himself for bias. Russo alleges no facts which would require recusal.

## DECISION

The decision of the trial court is in all respects affirmed.